IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANE GLOVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV. ACT. NO. 1:25-cv-56-TFM-B |
| | ) |
| DOCRX, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION & ORDER

Pending before the Court is *Otey White & Associates, Advertising & Publication Relations, Inc.'s Motion to Dismiss* (Doc. 31, filed 6/20/25). Plaintiff filed her response and Defendant filed its reply. Docs. 37, 38. For the reasons detailed below, the motion to dismiss (Doc. 31) is **DENIED**.

### I. JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events that gave rise to the claims in this matter occurred in this judicial district. No party contests personal jurisdiction or venue, and the Court finds adequate support for both.

### II. BACKGROUND

**A.    Factual Background**

This case arises out of Plaintiff Jane Glover's ("Plaintiff" or "Glover") employment at DocRx, Inc. ("DocRx") and Otey White & Associates ("Otey White"). Plaintiff alleges that she experienced various instances of sexual harassment while employed at DocRx and that she was constructively discharged from her employment at DocRx and Otey White after making a

complaint to DocRx about sexual harassment.

Plaintiff alleges that she began working at DocRx in 2017 as the Site Vice President over the Telehealth and Marketing Divisions, and then later became the Director of Marketing and Public Relations within the DocRx marketing division. Doc. 28 at 4. In late 2021 or early 2022, Plaintiff began reporting directly to the DocRx owner and CEO, Brian Ward ("Ward"). *Id.* Plaintiff alleges that she was subject to unwanted sexual harassment by Ward and DocRx's Facilities Director, Kevin Jones ("Jones") while working for DocRx. *Id.* at 5-6. She further alleges that she reported the behaviors to Ward, DocRx's Chief Operating Officer, DocRx's Compliance Officer, and DocRx's Human Resources Director. *Id.* at 6. Plaintiff states that the sexual harassment continued after her reports. *See id.* at 6-7.

On or around September 5, 2023, Plaintiff alleges that she met with Ward and human resources, who informed her that Ward planned to merge DocRx's internal marketing division with Otey White. *Id.* at 10-11. Ward told Plaintiff that she would work directly for Otey White but would continue to work on DocRx projects, and that Ward would pay money towards her salary, which would be paid to her by Otey White. *Id.* at 11. Plaintiff alleges that Ward told her that if she didn't give him an answer by the following Monday her employment would be terminated. *Id.* Plaintiff states that she "chose to continue working for DocRx (and its affiliated companies) and Otey White & Associates under the merger proposal, as she needed her job and had limited time in which to make a decision." *Id.* On September 11, 2023, Ward announced via email that the DocRx internal marketing division was merging with Otey, effective immediately, and that as a result of the merger, DocRx would retain the talent of Plaintiff. *Id.* at 12. Plaintiff moved to a new office location but brought along her DocRx computer, software, and marketing materials. *Id.*

Plaintiff further alleges that, upon moving to the new office, she was given "no real work

to perform except being given occasional tasks assigned to her by Jeff English, Account Executive with Otey White and Associates, related to DocRx projects." *Id.* at 13. Plaintiff asserts that shortly after her transition to Otey White, she was constructively discharged and resigned her employment because "she could not reasonably work under these punitive circumstances[.]" *Id.* Specifically, she notes circumstances such as "the removal of her title, duties, responsibilities, and having had almost all of the essential terms and conditions of her employment removed or altered [. . .]." *Id.* Plaintiff alleges that even the Human Resources Director confirmed that nothing could or would be done about Ward's behavior and that it was in Plaintiff's best interest to get away from Ward. *Id.* at 14.

Plaintiff turned in her resignation notice on October 27, 2023 to both Otey White and DocRx. *Id.* Her last day of work was November 10, 2023. *Id.*

**B.    Procedural Background**

On February 11, 2025, Plaintiff filed her complaint with this Court. Doc. 1. Several Defendants filed motions to dismiss. *See Docs.* 14, 16. On June 6, 2025, Plaintiff filed an amended complaint, which became the operative complaint and mooted the previous motions to dismiss. *See* Docs. 28. 41. Plaintiff asserts several causes of action in her amended complaint against various Defendants. However, because the motion to dismiss pertains only to Otey White, the Court will focus on those allegations only. Against Otey White, Plaintiff asserts, in Count II of the amended complaint, a Title VII violation for unlawful retaliation.

On June 20, 2025, Otey White filed the instant motion to dismiss. Doc. 31. Plaintiff timely filed her response, and Otey White filed its reply. Docs. 37, 38. The motion is fully briefed and ripe for review, and the Court finds oral argument unnecessary.

**III.    STANDARD OF REVIEW**

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint on the

basis that the plaintiff has failed to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [*Twombly*, 550 U.S.] at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556."). Because a Fed. R. Civ. P. 12 (b)(6) motion questions the legal sufficiency of a complaint, in assessing the merits of the motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g.*, *United States v. Gaubert*, 499 U.S. 315, 327 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990); *but see also Iqbal*, 556 U.S. at 678, (citing *Twombly*, 550 U.S. at 555,) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, all factual allegations shall be construed in the light most favorable to the plaintiff. *See, e.g.*, *Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S. Ct. 1378, 1382, 103 L. Ed. 2d 628 (1989). Obviously, therefore, a district court may not resolve factual disputes when adjudicating a motion to dismiss. *Page v. Postmaster Gen. and Chief Exec. Officer of the U.S. Postal Serv.*, 493 F. App'x 994, 995 (11th Cir. 2012) (citing, among other cases, *Lawrence*, 919 F.2d at 1529, for the proposition that, under Fed. R. Civ. P. 12(b)(6), the existence of disputed material facts precludes a district court from granting a motion to dismiss). "'When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.'" *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) (quoting *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam)); *see*

*also Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215-16 (11th Cir. 2012) ("Because the Ellis law firm's dunning letter and enclosed documents were attached to the Reeses' complaint as an exhibit, we treat them as part of the complaint for [Fed. R. Civ. P. 12(b)(6) purposes.").

IV.   **DISCUSSION AND ANALYSIS**

Otey White argues that Plaintiff's claim against it is due to be dismissed because it fails to state a plausible retaliation claim against it because Plaintiff alleges no adverse action attributable to Otey. Additionally, Otey White argues that claim is due to be dismissed because it is barred by a failure to exhaust administrative remedies. The Court addresses each argument in turn.

A.   **Failure to State a Claim**

Otey White sets out two arguments as to why Plaintiff fails to state a plausible retaliation claim against it. First, Otey White asserts that Plaintiff failed to plausibly allege that Otey White was engaged in any retaliatory actions. Second, Otey White asserts that there are insufficient allegations to establish that Otey White was a single or joint employer with DocRx and/or DocRx's agent.

A review of the amended complaint, however, clearly states that Ward informed Plaintiff that the DocRx marketing department was **merging** with Otey White. Further, while employed by Otey White, Plaintiff continued to use her DocRx computer and other DocRx supplied materials. Additionally, Ward told Plaintiff that he, through his various companies, would pay a portion of her salary to Otey White, who in turn paid Plaintiff. These allegations are sufficient for Plaintiff to trip over the low bar that Fed. R. Civ. P. Rule 8 requires. At the Rule 8 pleading stage, Plaintiff need not plead the facts with particularity (as would be required for claims under Rule 9). If there was a merger between DocRx and Otey White, as Plaintiff sufficiently alleges, then Plaintiff should, at the very least, be entitled to a period of discovery to determine what Otey White

knew or did not know regarding the sexual harassment allegations, and to determine what control, if any, Ward had over her employment after her move to Otey White. Otey White's arguments are more appropriately considered at the summary judgment stage. In fact, many of the cases upon which Otey White relies were decided on a summary judgment standard.

Thus, Otey White's argument that Plaintiff fails to state a plausible retaliation claim against it fails.

### B.     Exhaustion on Administrative Remedies

Otey White also argues that Plaintiff's claim against it is due to be dismissed because Plaintiff failed to exhaust her administrative remedies against Otey White before filing suit because Plaintiff did not name Otey White in her EEOC charge.

"Ordinarily, a party not named in the EEOC charge cannot be sued in a subsequent civil action." *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1358-59 (11th Cir. 1994) (citing *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989)). There are exceptions to this general rule, however, when subjecting such an unnamed party to suit fulfills the purposes of Title VII. *See id.* at 1359. Thus, the naming requirement must be liberally construed." *Id.* at 1358. The Eleventh Circuit has further adopted a list of nonexclusive factors for courts to consider in applying this exception:

> (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings.

*Id.* at 1359 (citing *Eggleston v. Chicago Journeymen Plumbers' Local 130*, 657 F.2d 890, 905 (7th Cir. 1981)).

As noted above, Plaintiff has sufficiently pled, at this early motion to dismiss stage, that Otey White was a joint employer with DocRx. As other courts in this Circuit have found, where the complaint alleges that a party was the plaintiff's joint employer, the plaintiff has "pled sufficient factual allegations to show that the purposes of Title VII would be fulfilled by subjecting [said party] to th[e] lawsuit." *See Cunningham v. Mercedes-Benz U.S. Int'l, Inc.*, Civ. Act. No. 7:23-cv-1379-LSC, 2024 U.S. Dist. LEXIS 82034, *8-11 (N.D. Ala. May 2024). Assuming the two are Plaintiff's joint employer, Otey White and DocRx would certainly have a similarity of interest. Further, their alleged status as joint employers could plausibly impute adequacy of notice, opportunity to participate in the reconciliation process, and lack of prejudice from exclusion in the EEOC proceedings.

Thus, Plaintiff has again asserted allegations sufficient to trip over the low bar that Rule 8 requires and the Court will not, at this stage, dismiss Plaintiff's claim against Otey White for failure to exhaust her administrative remedies. Otey White's arguments are more appropriately considered at the summary judgment stage, after a period of discovery when the Court can consider matters beyond the four corners of the pleading.

## V.   CONCLUSION

Accordingly, for the reasons stated above, Otey's Motion to Dismiss (Doc. 31) is **DENIED**.

**DONE** and **ORDERED** this 13th day of February, 2026.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE